MEMORANDUM **
Jin Lai Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ order affirming an immigration judge’s decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency’s adverse credibility determination for substantial evidence, Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009), and we grant the petition for review.
Substantial evidence does not support the agency’s adverse credibility determination because the agency did not allow Yang to explain why she changed her name, although she attempted to do so. See id. at 1092; see also Quan v. Gonzales, 428 F.3d 883, 886 (9th Cir.2005) (“unclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony.”). In addition, Yang’s failure to mention two forced abortions in her asylum application is not a material omission or evidence of falsity, where Yang’s application focused on a different aspect of her experience in China. See Chanchavac v. INS, 207 F.3d 584, 588 (9th Cir.2000). The agency’s remaining findings are based on minor inconsistencies and omissions. See Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003) (“Minor inconsistencies in the record that do not relate to the basis of an applicant’s alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant’s fear for his safety are insufficient to support an adverse credibility finding.”); see also Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996) (“Testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application”).
Accordingly, we grant the petition for review and remand to the agency to assess Yang’s claims, deeming her testimony credible. See Soto-Olarte, 555 F.3d at 1095; see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.